UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JIHSHYR YIH,

        Plaintiff,

          -against-

TAIWAN SEMICONDUCTOR
MANUFACTURING COMPANY,

        Defendant.

**No. 7:21-cv-08828**

**Honorable Judge Kenneth M. Karas**

**ECF Case**

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS**

# TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................................................................ 1

BACKGROUND .............................................................................................................. 2

    I.     TSMC Is Based in Taiwan and Has No Presence in New York ........................... 2

    II.    Plaintiff Interviewed Via Skype for Positions Based in Taiwan ......................... 3

    III.   Litigation History ............................................................................................... 5

         A.    Plaintiff First Sues TSMC in New York .................................................. 5

         B.    Plaintiff Next Sues TSMC in California .................................................. 6

         C.    Plaintiff Returns to New York for a Third Suit Against TSMC ............... 7

ARGUMENT ................................................................................................................... 8

    I.     Plaintiff Is Bound By the Prior Ruling That TSMC Is Not Subject to Personal Jurisdiction In New York For His Claims ............................................ 8

    II.    TSMC Is Not Subject to Personal Jurisdiction in New York ............................ 11

         A.    Plaintiff Does Not and Cannot Assert Credibly That TSMC Is Subject to General Jurisdiction in New York ......................................... 12

         B.    There Is No Basis Under New York Law for Asserting Specific Jurisdiction Over TSMC ....................................................................... 13

         C.    The Due Process Clause Prohibits Specific Jurisdiction Over TSMC .................................................................................................... 19

         D.    Plaintiff's Mistaken Beliefs Do Not Provide a Basis for Jurisdiction ........................................................................................... 22

    III.   Plaintiff Also Fails to State a Claim Under New York Law ............................... 22

         A.    The NYSHRL Does Not Apply to TSMC. ............................................. 23

         B.    Plaintiff's Claims Under the NYSHRL Are Time-Barred ...................... 23

         C.    Plaintiff Fails to State a Claim Under the NYSHRL .............................. 24

CONCLUSION ............................................................................................................... 25

# TABLE OF AUTHORITIES

Page

CASES

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009)...................................................................................................24

*Aybar v. Aybar,*
    93 N.Y.S.3d 159 (N.Y. App. Div. 2019) ...............................................................12

*Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez,*
    171 F.3d 779 (2d Cir. 1999)............................................................................11, 14

*Barrett v. Tema Dev. (1988), Inc.,*
    463 F. Supp. 2d 423 (S.D.N.Y. 2006), *aff'd*, 251 F. App'x 698 (2d Cir. 2007)...............10, 11

*Basak v. N.Y. State Dept. of Health,*
    9 F. Supp. 3d 383 (S.D.N.Y. 2014)........................................................................24

*Beem v. Noble Grp. Ltd.,*
    No. 14-civ-9046, 2015 WL 8781333 (S.D.N.Y. Dec. 14, 2015).................................11, 15, 16

*Bill-Jay Mach. Tool Corp. v. Koster Indus., Inc.,*
    816 N.Y.S.2d 115 (N.Y. App. Div. 2006) ......................................................13, 14

*Bohnet v. Valley Stream Union Free Sch. Dist. 13,*
    30 F. Supp. 3d 174 (E.D.N.Y. 2014), *aff'd*, 594 F. App'x. 53 (2d Cir. 2015)........................25

*Bristol-Myers Squibb Co. v. Superior Ct. of California,*
    137 S. Ct. 1773 (2017)..............................................................................11, 21

*Brown v. Web.com Grp., Inc.,*
    57 F. Supp. 3d 345 (S.D.N.Y. 2014)......................................................................12

*Buggs v. Ehrnschwender,*
    968 F.2d 1544 (2d Cir. 1992).................................................................................7

*Burger King v. Rudzewicz,*
    471 U.S. 462 (1985)...............................................................................................19

*Cerberus Cap. Mgt. v. Snelling & Snelling,*
    12 Misc. 3d 1187(A), (N.Y. Sup. Ct. 2005) (unpublished) ...............................18, 19

# <u>TABLE OF AUTHORITIES</u>

**Page**

*Chloe v. Queen Bee of Beverly Hills,*
    616 F.3d 158 (2d Cir. 2010)...................................................................................19

*Daimler AG v. Bauman,*
    571 U.S. 117 (2014)....................................................................................12, 21

*Del. River Port Auth. v. Fraternal Order of Police,*
    290 F.3d 567 (3d Cir. 2002).................................................................................10

*DiStefano v. Carrozi North Am. Inc.,*
    286 F.3d 81 (2d Cir. 2001)...................................................................................11

*Doe v. Delaware State Police,*
    939 F. Supp. 2d 313 (S.D.N.Y. 2013)..................................................................18

*Epstein v. Univ. of the S. Pac.,*
    No. 14-cv-6012, 2015 WL 4002344 (S.D.N.Y. June 19, 2015) ............................13

*Espinoza v. Farah Mfg. Co.,*
    414 U.S. 86 (1973)..............................................................................................25

*Fiedler v. First City Nat. Bank of Houston,*
    807 F.2d 315 (2d Cir. 1986)............................................................9, 14, 15, 16

*Fischbarg v. Doucet,*
    880 N.E.2d 22 (N.Y. 2007).............................................................................14, 16

*Fox v. Boucher,*
    794 F.2d 34 (2d Cir. 1986)..................................................................................20

*Glenwood Sys., LLC v. Med-Pro Ideal Sols., Inc.,*
    No. 09-cv-956, 2010 WL 11527383 (D. Conn. May 4, 2010), *aff'd,* 438 F.
    App'x 27 (2d Cir. 2011)......................................................................................21

*Gmurzynska v. Hutton,*
    257 F. Supp. 2d 621 (S.D.N.Y. 2003).............................................................13, 18

*Harte v. Woods Hole Oceanographic Inst.,*
    495 F. App'x 171 (2d Cir. 2012) ........................................................................23

# <u>TABLE OF AUTHORITIES</u>

**Page**

*HDtracks.com, LLC v. 7digital Ltd.*,
   No. 18-cv-5823, 2020 WL 582462 (S.D.N.Y. Feb. 6, 2020) ................................................22

*Hilaire v. Dennison*,
   24 A.D.3d 1152 (3d Dep't 2005) ...........................................................................................7

*Holleman v. Art Crating Inc.*,
   No. 12-cv-2719, 2014 WL 4907732 (E.D.N.Y. Sept. 30, 2014) ...........................................24

*Hwang v. Grace Rd. Church*,
   14-cv-7187, 2016 WL 1060247 (E.D.N.Y. Mar. 14, 2016) ..................................................19

*Insurance Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*,
   456 U.S. 694 (1982) ................................................................................................................8

*Jazini v. Nissan Motor Co.*,
   148 F.3d 181 (2d Cir. 1998) ..................................................................................................13

*Jiggetts v. MTA Metro-N. R.R.*,
   122 A.D.3d 414 (1st Dep't 2014) ............................................................................................7

*Johnson v. Ward*,
   829 N.E.2d 1201 (N.Y. 2005) ................................................................................................17

*Kassner v. 2nd Ave. Delicatessen Inc.*,
   496 F.3d 229 (2d Cir. 2007) ..................................................................................................23

*Kimco Exch. Place Corp. v. Thomas Benz, Inc.*,
   824 N.Y.S.2d 353 (N.Y. App. Div. 2006) ............................................................................15

*Klein v. Comm'r*,
   880 F.2d 260 (10th Cir. 1989) ..............................................................................................10

*Klein v. Educ. Loan Servicing, LLC*,
   71 A.D.3d 957 (2d Dep't 2010) ...............................................................................................8

*Krepps v. Reiner*,
   588 F. Supp. 2d 471 (S.D.N.Y. 2008), *aff'd*, 377 F. App'x 65 (2d Cir. 2010) ........................9

## <u>TABLE OF AUTHORITIES</u>

**Page**

*Lipin v. Bergquist*,
  574 F. Supp. 2d 423 (S.D.N.Y. 2008)......................................................................17

*Mareno v. Rowe*,
  910 F.2d 1043 (2d Cir. 1990)................................................................................18

*Maysonet v. Citi Grp., Inc.*,
  No. 10-cv-4616, 2011 WL 476610 (S.D.N.Y. Feb. 9, 2011) ...................................24

*Meyers v. Medco Health Sols., Inc*.,
  No. 09-cv-09216, 2012 WL 4747173 (S.D.N.Y. Oct. 4, 2012)................................23

*Moscato v. MDM Grp., Inc*.,
  2008 WL 2971674 (S.D.N.Y. July 31, 2008)........................................................8, 9

*Norex Petroleum Ltd. v. Blavantik*,
  16 N.E.3d 561 (N.Y. 2014)...................................................................................24

*Paterno v. Laser Spine Inst.*,
  23 N.E.3d 988 (N.Y. 2014)..........................................................................14, 15, 16

*Penguin Grp. (USA), Inc. v. Am. Buddha*,
  609 F.3d 30 (2d Cir. 2010).....................................................................................11

*Reed v. Gowanda Nursing Home*,
  5 A.D.3d 987 (N.Y. App. Div. 2004), *aff'd*, 4 N.Y.3d 770 (2005) .........................22

*Shah v. Wilco Sys., Inc*.,
  No. 99-cv-12054, 2001 WL 1006722 (S.D.N.Y. Aug. 31, 2001), *aff'd*, 76 F.
  App'x 383 (2d Cir. 2003) ......................................................................................25

*Sherwood v. Olin Corp.*,
  772 F. Supp. 1418 (S.D.N.Y. 1991).......................................................................23

*Stengel v. Black*,
  486 F. App'x 181 (2d Cir. 2012) .............................................................................8

*Thackurdeen v. Duke Univ.*,
  130 F. Supp. 3d 792 (S.D.N.Y. 2015), *aff'd*, 660 F. App'x 43 (2d Cir. 2016).......20

# <u>TABLE OF AUTHORITIES</u>

**Page**

*Thompson v. Cornet Stores, Inc.*,
107 F.3d 4, 1997 WL 62950 (2d Cir. Feb. 12, 1997) (unpublished) ................................14, 20

*U.S. Bank Nat. Ass'n v. Bank of America*,
916 F.3d 143 (2d Cir. 2019) .....................................................................................19, 20, 21

*Vicedomini v. Alitalia Airlines*,
No. 83-cv-2431, 1983 WL 616 (S.D.N.Y. Nov. 14, 1983).....................................................25

*Wang v. Palmisano*,
51 F. Supp. 3d 521 (S.D.N.Y. 2014).....................................................................................24

*Weerahandi v. Am. Stat. Ass'n*,
No. 14-cv-7688, 2015 WL 5821634 (S.D.N.Y. Sept. 30, 2015) ...........................................17

*Yamaha Corp. of Am. v. United States*,
961 F.2d 245 (D.C. Cir. 1992) ...........................................................................................9, 10

*Yih v. Taiwan Semiconductor Mfg. Co.*,
815 F. App'x 571 (2d Cir. 2020) ..................................................................................... passim

*Yih v. Taiwan Semiconductor Mfg. Co.*,
857 F. App'x 318 (9th Cir. 2021) ...................................................................................6, 7, 24

*Yih v. Taiwan Semiconductor Mfg. Co.*,
No. 18-CV-3844, 2019 WL 2578306 (S.D.N.Y. June 24, 2019), *aff'd*, 815 F.
App'x 571 (2d Cir. 2020) ............................................................................................. passim

*Yih v. Taiwan Semiconductor Mfg. Co.*,
No. 5:20-04184, 2020 WL 6290377 (N.D. Cal. Oct. 27, 2020), *aff'd*, 857 F.
App'x 918 (9th Cir. 2021) .........................................................................................6, 7, 24

**STATUTES**

28 U.S.C. § 1446(b)(1) ..........................................................................................................8

N.Y. EXEC. LAW § 292(26) ..................................................................................................25

N.Y. EXEC. LAW § 296(1)(a).................................................................................................25

## TABLE OF AUTHORITIES

**Page**

N.Y. EXEC. LAW § 298–a(3) .......................................................................................................23

CPLR § 205(a) ...........................................................................................................................24

CPLR § 214's ............................................................................................................................23

CPLR § 301 ...............................................................................................................................12

CPLR § 302(a) ..................................................................................................................... passim

**OTHER AUTHORITIES**

Restatement (Second) of Judgments § 27 cmt. c ........................................................................10

## INTRODUCTION

This is the third lawsuit that Plaintiff JihShyr Yih ("Yih") has filed against Defendant Taiwan Semiconductor Manufacturing Company, Ltd. ("TSMC") in the past three years, each asserting materially identical claims. Like the first two suits, this case should be dismissed.

In 2017, Yih applied for, and was rejected from, a position with TSMC in Hsinchu, Taiwan. Unwilling to accept that he was not properly suited for a position with TSMC, Plaintiff accused TSMC of employment discrimination in a lawsuit filed in the Southern District of New York. Judge Seibel dismissed the suit, holding that TSMC—a Taiwanese corporation with de minimis contacts in New York State—was not subject to personal jurisdiction here. After Yih appealed the decision, the Second Circuit affirmed the dismissal. Yih then filed a materially identical complaint in the Northern District of California (adding facts that contradicted the New York complaint in an attempt to support jurisdiction in California). That case was dismissed for lack of personal jurisdiction, given TSMC's minimal contacts with California. Yih again appealed, and the Ninth Circuit affirmed the dismissal.

Undeterred, Yih has filed suit in New York yet again, asserting claims under the New York State Human Rights Law ("NYSHRL") that Judge Seibel previously dismissed. But Yih has already litigated and lost the question whether he can sue TSMC in New York on these claims. Basic principles of issue preclusion bind Yih to that result. Regardless, TSMC is (again) not subject to personal jurisdiction in New York. Moreover, personal jurisdiction is not this lawsuit's only problem. Under the alleged circumstances, Yih also has no private right of action under the NYSHRL against a foreign employer like TSMC. Yih's claims are untimely. And, Yih's theories of discrimination are not all actionable under the NYSHRL. For all these reasons, this Court should dismiss the Complaint with prejudice.

# BACKGROUND

## I.       TSMC Is Based in Taiwan and Has No Presence in New York.

TSMC is a Taiwanese corporation whose sole business is manufacturing semiconductor devices for use in electronics. Declaration of Hen-Yih Chao ("Chao Dec.") ¶¶ 3–4. TSMC's headquarters and principal place of business are in Hsinchu, Taiwan. *Id*.; *Yih v. Taiwan Semiconductor Mfg. Co*., No. 18-CV-3844, 2019 WL 2578306, at *1 (S.D.N.Y. June 24, 2019) (Seibel, J.) ("*Yih I*"), *aff'd*, 815 F. App'x 571 (2d Cir. 2020) ("*Yih II*"). TSMC employs around 43,000 people, primarily at offices and factories in Taiwan. Fifteen TSMC employees are working in the United States on limited-term overseas assignments, but no TSMC employees are working in New York. Chao Dec. ¶¶ 5–6. Nor were any TSMC employees working in New York at the time of the conduct alleged in the Complaint. *Yih I*, 2019 WL 2578306, at *1.

TSMC has no presence in the State of New York. Chao Dec. ¶ 7. TSMC does not maintain an office in New York, nor does it employ any employees in New York. *Id*. at ¶ 8; *Yih I*, 2019 WL 2578306, at *1. TSMC also does not actively recruit in New York, but it occasionally connects with candidates who are from New York. Declaration of Wenwei ("Willie") Chang ("Chang Dec.") at ¶ 3; *Yih II*, 815 F. App'x at 574.

TSMC also has no property in New York and pays no property or income taxes to the State. Declaration of Chuan-Chen Hung ("Hung Dec.") at ¶ 3. TSMC is traded on the New York Stock Exchange, but it does not actively market to or solicit business in New York, and it derives de minimis revenue from New York-based customers, with only about 0.003% of TSMC's total 2017 revenue coming from New York-based customers. Hung Dec. at ¶ 4; *Yih I*, 2019 WL 2578306, at *1; *Yih II*, 815 F. App'x at 573. Simply put, TSMC has no actual presence in the State of New York and has, at most, de minimis contact with the State.

II.     **Plaintiff Interviewed Via Skype for Positions Based in Taiwan.**

On April 6, 2017, Willie Chang, from TSMC's Recruiting Department, sent a search request for a Senior Business Intelligence Analyst to Lighthouse Global Recruiting ("Lighthouse"), a Singapore-based headhunting firm. Chang Dec. at ¶ 4, Ex. A; *Yih I*, 2019 WL 2578306, at *2.[1] The search request specified that the job was in Hsinchu, Taiwan, in the Business Operations Division (referred to as "BUOD"). Chang Dec. at ¶ 4, Ex. A. at 2; *Yih I*, 2019 WL 2578306, at *2. All BUOD positions are in Taiwan. Chang Dec. at ¶ 5; *Yih I*, 2019 WL 2578306, at *1.

On July 31, 2017, Lighthouse submitted Plaintiff as a potential candidate for the Senior Business Intelligence Analyst position. Chang Dec. at ¶ 6, Ex. B at 1. Lighthouse noted that Plaintiff was "opened [sic] to relocate." *Id.* at Ex. B at 3; *Yih I*, 2019 WL 2578306, at *2. On August 3, 2017, Mr. Chang and a Section Manager from TSMC's Recruiting Department conducted a screening interview with Plaintiff through Skype. Chang Dec. at ¶ 7; *see also* Complaint, Dkt. 1-1 ("Compl.") at ¶ 21; *Yih I*, 2019 WL 2578306, at *2. During the interview, Mr. Chang and Ms. Yin were located in Hsinchu, while Plaintiff was located at his home in New York. Compl. at ¶ 21; Chang Dec. at ¶ 7. During the interview, Mr. Chang asked questions related to Plaintiff's family. Compl. at ¶ 23; *Yih I*, 2019 WL 2578306, at *2. Mr. Chang explained that these questions were based on the fact that, if TSMC hired Plaintiff, Plaintiff would need to relocate to Taiwan and TSMC could assist Plaintiff's family members in transferring schools or seeking employment in Taiwan. Chang Dec. at ¶ 8.

After this interview, TSMC Human Resources forwarded Plaintiff's profile to the hiring manager for the Senior Business Intelligence Analyst position. Chang Dec. at ¶ 9. The hiring

---

[1] Lighthouse referred to the position as Data Scientist/Business Analyst. Chang Dec. at ¶ 6.

manager determined that Plaintiff did not have the appropriate background or qualifications for the position and noted that Plaintiff's background was focused on information technology. *Id.*

Because TSMC was no longer considering Plaintiff for the Senior Business Intelligence Analyst position, Mr. Chang suggested that Plaintiff be considered for TSMC's Information Technology ("IT") Department. *Id.* at ¶ 10. At the time, there was no defined opening in the IT Department, but the company was willing to interview candidates because most of TSMC's management-level IT employees were promoted from internal ranks, and TSMC was interested in external talent and experience. *Id.* at ¶¶ 10–11; Compl. at ¶¶ 25–28. Had Plaintiff been hired, his position would have been in Taiwan, as almost all positions in TSMC's IT Department are located in Taiwan, with fewer than 1% based in China and no positions in the United States. Chang Dec. at ¶ 11; *Yih I*, 2019 WL 2578306, at *7. TSMC IT employees do not work remotely or from home on a regular basis. Chang Dec. at ¶ 13; *Yih I*, 2019 WL 2578306, at *7.

On September 25, 2017, TSMC IT managers conducted a brief Skype interview with Plaintiff from TSMC's headquarters in Hsinchu, Taiwan. Compl. at ¶ 32; *Yih I*, 2019 WL 2578306, at *2. Plaintiff alleges that he was again asked questions about his family during this interview. Compl. at ¶ 35; *Yih I*, 2019 WL 2578306, at *2. On October 3, 2017, TSMC informed Lighthouse that they were not interested in hiring Plaintiff. Compl. at ¶ 43. Plaintiff learned of the decision on the same day. *Id.*; *Yih I*, 2019 WL 2578306, at *3. Plaintiff complained to Lighthouse that he was offended by the family-related interview questions. Compl. at ¶ 43.

Plaintiff later filed a Charge with the Equal Employment Opportunity Commission ("EEOC") dated October 30, 2017, alleging that TSMC discriminated against him based on his age and retaliated against him for complaining about the interview questions. *Id*. at ¶ 15; Chang Dec. at ¶ 16., Ex. D; *Yih I*, 2019 WL 2578306, at *3. In February 2018, the EEOC dismissed the

charge and issued a Notice of Right to Sue. Compl. at ¶ 15; *Yih I*, 2019 WL 2578306, at *3.

## III.     Litigation History

As noted, this is Plaintiff's third lawsuit against TSMC about the above allegations.

### A.     Plaintiff First Sues TSMC in New York.

On April 30, 2018, Plaintiff filed a *pro se* complaint in the Southern District of New York, alleging (1) discrimination on the basis of sex and national origin under Title VII of the Civil Rights Act; (2) discrimination on the basis of age under the Age Discrimination in Employment Act; and (3) discrimination under the New York State Human Rights Law. *Yih I*, 2019 WL 2578306, at *3. Pursuant to Judge Siebel's rules, TSMC requested a pre-motion conference regarding a motion to dismiss that would contest personal jurisdiction, the applicability of U.S. laws to TSMC, and the merits of Plaintiff's claims. The court held an in-person conference at which Yih was granted leave to amend to address deficiencies identified by TSMC and by the court. *Id.* He used the opportunity to allege damages in excess of $167 million—an increase of more than 90 times his initial complaint's demand—but failed to meaningfully address the court's lack of personal jurisdiction over TSMC. *Id.*

After recognizing that Plaintiff's complaint, as a pro se pleading, should be "interpreted to raise the strongest arguments" it suggested, Judge Seibel dismissed the action. *Id.* at *3. The Court found that TSMC was not subject to personal jurisdiction in New York because (1) TSMC lacked a sufficient "presence" in New York to support general jurisdiction, and (2) TSMC's communications with Plaintiff during the recruitment process were too attenuated to support specific jurisdiction. *Id.* at *3–8. With respect to the latter, the court found that the evidence did not plausibly support Plaintiff's assertion that his job opportunity was in New York, and "Plaintiff [] failed to allege any facts that controvert[ed] Defendant's affidavits that establish[ed] that no TSMC employees work remotely in New York and that no employees in the divisions in

which Plaintiff sought employment work outside of Taiwan and China." *Id.* at *7. In fact, Judge Seibel found it "hard to see how Plaintiff could reasonably have believed he could work in New York." *Id*. Because it lacked jurisdiction, the Court did not address TSMC's non-jurisdictional points but noted that "at least some" of those arguments "seem well taken." *Id.* at *8.

The Court also denied leave to amend, noting that "Plaintiff has already amended once, after receiving Defendant's pre-motion letter and having the benefit of the Court's observations during a pre-motion conference." *Id*. at *8. Moreover, the Court concluded that "the problem here [with lack of personal jurisdiction] is not one that better pleading could cure." *Id*. at *9.

Plaintiff appealed the dismissal, which the Second Circuit affirmed on May 19, 2020. *Yih II*, 815 F. App'x at 575. The Second Circuit agreed that TSMC was not subject to general jurisdiction in New York. *Id.* at 573–74. Similarly, the Second Circuit agreed that specific jurisdiction was lacking because, "[a]bsent any allegation of recruiting targeted at New York, the sole communications tying TSMC to New York were those it had with Yih. These communications—two Skype interviews and emails through a third-party agent [in Singapore] regarding a position in Taiwan for which Yih was not hired—were too limited to amount to a purposeful transaction of business in New York." *Id.* at 574–75.

**B.      Plaintiff Next Sues TSMC in California.**

On June 25, 2020, Plaintiff filed a complaint in the Northern District of California. *See Yih v. Taiwan Semiconductor Mfg. Co.*, No. 5:20-04184, 2020 WL 6290377, at *2 (N.D. Cal. Oct. 27, 2020) ("*Yih III*"), *aff'd*, 857 F. App'x 318 (9th Cir. 2021) ("*Yih IV*"). The California complaint's factual allegations and claims were materially identical to those alleged in *Yih I*, except that Plaintiff dropped his NYSHRL claim and added a comparable claim under California law. *Compare Yih I,* 2019 WL 2578306, at *1–3, *with Yih III*, 2020 WL 6290377, at *1–2. Like *Yih I, Yih III* was dismissed for lack of personal jurisdiction over TSMC, with the court holding

-6-

that TSMC was not subject to general jurisdiction in California, and that it lacked specific

personal jurisdiction over TSMC because Plaintiff's claims were utterly unrelated to any contacts

TSMC had with California. *Yih III*, 2020 WL 6290377, at \*7–9. Plaintiff appealed to the Ninth

Circuit, which affirmed the dismissal on August 17, 2021. *Yih IV*, 857 F. App'x at 319.

### C.    Plaintiff Returns to New York for a Third Suit Against TSMC.

On September 20, 2021, Plaintiff filed his third complaint against TSMC regarding his

2017 job search. This time, Plaintiff filed suit in the Supreme Court of the State of New York,

alleging claims exclusively under the NYSHRL. Compl. at ¶¶ 56–59. Otherwise, his factual

allegations are materially identical to what was alleged in the prior two suits.

Although Plaintiff asserts that he "file[d] this action with new evidence," the Complaint

does not specify what evidence is allegedly new. Compl. at ¶ 16. In a letter to this Court,

however, Yih identified the "new facts" alleged in the Complaint as: "TSMC or its agent has

employees in the State," "[b]ut for the discrimination, [Plaintiff] would have a regular work

location [in New York], as a TSMC employee," "[Plaintiff] has a cause of action arises from that

TSMC commits at least three tortious acts all causing injury to [him] within the State," and

"TSMC or its agent uses real property situated within the State." Dkt. 12 at \*2 (quoting Compl.

at ¶¶ 5–6, 11–13, 16). The Complaint's allegation that Plaintiff would have engaged in work

activities at the University of Albany had he been hired by TSMC, *see* Compl. at ¶¶ 6, 13, is not

only new but demonstrably false. *See, e.g.*, *Yih I*, 2019 WL 2578306, at \*7.

TSMC received a copy of the Complaint by registered mail in Taiwan on September 30,

2021.[2] TSMC removed the case to this Court on October 28, 2021, on the basis of diversity

---

[2] Pursuant to CPLR §§ 311 and 312-a, this attempt at service was ineffective. *See, e.g., Jiggetts v. MTA Metro-N. R.R.*, 122 A.D.3d 414, 414 (1st Dep't 2014); *Hilaire v. Dennison*, 24 A.D.3d 1152, 1152 (3d Dep't 2005); *Buggs v. Ehrnschwender*, 968 F.2d 1544, 1549 (2d Cir. 1992);

jurisdiction. On November 4, TSMC filed a pre-motion letter for this motion to dismiss. Dkt. 11.

After Plaintiff responded by letter, this Court directed TSMC to file the present motion. Dkt. 13.[3]

## <u>ARGUMENT</u>

**I.     Plaintiff Is Bound By the Prior Ruling That TSMC Is Not Subject to Personal Jurisdiction In New York For His Claims.**

Judge Siebel and the Second Circuit have already held that TSMC cannot be sued in New

York on these claims, and Plaintiff is bound by that judgment. "It has long been the rule that

principles of res judicata apply to jurisdictional determinations—both subject matter and

personal." *Insurance Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702

n.9 (1982). Thus, "[a]lthough a dismissal for lack of jurisdiction is not an adjudication on the

merits of a claim, such a dismissal precludes re-litigation of the issue it decided." *Stengel v.*

*Black*, 486 F. App'x 181, 183 (2d Cir. 2012). A plaintiff is thus barred from arguing that a court

has personal jurisdiction over a defendant if an "identical" question has "been actually litigated

and actually decided" following a "full and fair opportunity" to litigate the issue in a prior

proceeding. *Moscato v. MDM Grp., Inc.*, 2008 WL 2971674, at *3 (S.D.N.Y. July 31, 2008).

Here, Plaintiff undeniably had a "full and fair opportunity" to litigate personal

jurisdiction in New York. Before his first case was dismissed, Plaintiff had "already amended

once, after receiving Defendant's pre-motion letter and having the benefit of the Court's

observations during a pre-motion conference." *Yih I*, 2019 WL 2578306, at *8. He was also

---

*Klein v. Educ. Loan Servicing, LLC*, 71 A.D.3d 957, 958 (2d Dep't 2010). Nonetheless, TSMC does not seek dismissal on this basis.

[3] Plaintiff has filed a pre-motion letter for a motion to remand this case to state court, on the basis that TSMC's removal was untimely. Dkt. 15. But TSMC's removal was timely under 28 U.S.C. § 1446(b)(1) both because it has never been properly served and because it filed the Notice of Removal within 30 days of receiving a copy of the Complaint.  *See* Dkt. 17.  The court has scheduled a hearing on Plaintiff's proposed motion for January 24, 2022.  Dkt. 23.

given the opportunity to "submit[] additional facts in connection with the motion to dismiss" and yet still failed to "me[et] his burden" on personal jurisdiction. *Id*. at *9. Plaintiff then appealed to the Second Circuit, which affirmed the dismissal after full briefing. *Yih II*, 815 F. App'x at 572–73. No more is required for preclusion to attach. "When a plaintiff files two actions against the same defendant in the same district, the personal jurisdiction issue is generally identical." *Moscato*, 2008 WL 2971674, at *3. None of the exceptions to this general rule apply here.

*First*, Plaintiff does not allege that TSMC's "New York contacts changed between the commencement" of his first lawsuit and the present suit. *Id*. And in any event, to be sufficient to "create a new legal situation," *id*., such a change would have to be sufficiently drastic to render TSMC subject to *general* jurisdiction in New York, which Plaintiff does not even allege here. After all, specific jurisdiction was absent in Plaintiff's first New York suit because his claims did not arise out of any of TSMC's New York contacts—a fact that cannot have changed in the years since. *Yih I*, 2019 WL 2578306, at *8; *Yih II*, 815 F. App'x at 574-75. No new developments could possibly be relevant to personal jurisdiction in these circumstances.

*Second*, although Plaintiff asserts that he "file[d] this action with new evidence," Compl. at ¶ 16, the discovery of new evidence will overcome preclusion only where "the plaintiff alleges new material facts that could not have been previously discovered 'in the exercise of due diligence.'" *Moscato*, 2008 WL 2971674, at *3 (quoting Moore's Federal Practice, § 132.02); *see also, e.g.*, *Krepps v. Reiner*, 588 F. Supp. 2d 471, 478 (S.D.N.Y. 2008), *aff'd*, 377 F. App'x 65 (2d Cir. 2010). Thus, "[i]f a new legal theory or factual assertion put forward in the second action is related to the subject-matter and relevant to the issues that were litigated and adjudicated previously, so that it *could* have been raised, the judgment is conclusive on it despite the fact that it was not in fact expressly pleaded or otherwise urged." *Yamaha Corp. of Am. v.*

*United States*, 961 F.2d 245, 257–58 (D.C. Cir. 1992); *see also Klein v. Comm'r*, 880 F.2d 260, 263 (10th Cir. 1989) ("A party may not assert a change in controlling facts when the facts allegedly showing a change in circumstances could have been discovered in the exercise of due diligence."). No purportedly "new" facts can overcome preclusion here, because Plaintiff does not and cannot explain why those facts could not have been discovered with due diligence prior to filing his first lawsuit. Indeed, many of the "new" facts Plaintiff pointed to in his pre-motion letter to this Court were actually litigated in his first case. *Compare, e.g.*, Dkt. 12 at *2 (asserting "new" fact that Plaintiff "would have a regular work location" in New York but for the discrimination), *with Yih I*, 2019 WL 2578306, at *7 (rejecting Plaintiff's claim that he would have worked in New York).

  *Finally*, Plaintiff's present Complaint alleges causes of action against TSMC that are materially identical to what his first New York complaint alleged, with both pleadings setting forth materially identical allegations regarding the same interactions between the parties. While Plaintiff now invokes different provisions of New York's long-arm statute—he now raises CPLR § 302(a)(1), (a)(3), and (a)(4), whereas previously he invoked CPLR § 302(a)(1) and (a)(2)—the personal-jurisdiction question remains identical to the one decided in *Yih I* and *Yih II*. "A new contention is not . . . necessarily a new issue" for purposes of issue preclusion. *Yamaha Corp.*, 961 F.2d at 257; *see also* Restatement (Second) of Judgments § 27 cmt. c at 253 (if prior "issue was one of law, new arguments may not be presented to obtain a different determination of that issue"); *Del. River Port Auth. v. Fraternal Order of Police*, 290 F.3d 567, 578 n. 22 (3d Cir. 2002) (same). Thus, preclusion applies where the "personal jurisdiction issue before the district court [is] identical to the same issue already decided . . . because the plaintiffs asserted the same cause of action based on the same set of facts." *Barrett v. Tema Dev. (1988), Inc.*, 463 F. Supp.

2d 423, 428 (S.D.N.Y. 2006), *aff'd*, 251 F. App'x 698 (2d Cir. 2007).

That conclusion is particularly clear where, as here, the *pro se* complaint in the first action was "examined with special solicitude, [and] interpreted to raise the strongest arguments that [it] suggest[ed]." *Yih I*, 2019 WL 2578306, at *3. Despite this generous approach to the pleadings, Judge Seibel found no basis for exercising personal jurisdiction over TSMC—and that "the [personal jurisdiction] problem here is not one that better pleading could cure." *Id.* at *9.

In short, Plaintiff's attempt to side-step the prior decisions of Judge Seibel and the Second Circuit on the determinative issue of personal jurisdiction is barred by issue preclusion. The Complaint should be dismissed in its entirety on this basis alone.

## II.    TSMC Is Not Subject to Personal Jurisdiction in New York.

Even if preclusion did not apply, Plaintiff still fails to establish any basis for personal jurisdiction over TSMC in this Court. Plaintiff has the burden of alleging sufficient facts to support personal jurisdiction. *Penguin Grp. (USA), Inc. v. Am. Buddha*, 609 F.3d 30, 34–35 (2d Cir. 2010). In considering whether personal jurisdiction is present, the Court may consider affidavits from both parties. *DiStefano v. Carrozi North Am. Inc.*, 286 F.3d 81, 84 (2d Cir. 2001). Although evidentiary disputes "must be resolved in favor of the plaintiff, the Court is not bound by conclusory statements, without supporting facts." *Beem v. Noble Grp. Ltd.*, No. 14-civ-9046, 2015 WL 8781333, at *4 (S.D.N.Y. Dec. 14, 2015) (internal quotation marks omitted).

Any exercise of personal jurisdiction here must be appropriate under New York law and must also satisfy federal due process. *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 784 (2d Cir. 1999). Both New York and federal law recognize two types of personal jurisdiction: general and specific. N.Y. C.P.L.R. §§ 301, 302; *Bristol-Myers Squibb Co. v. Superior Ct. of California*, 137 S. Ct. 1773, 1779–80 (2017). "A court with general jurisdiction may hear *any* claim against that defendant, even if all the incidents underlying the claim occurred

in a different State." *Aybar v. Aybar*, 93 N.Y.S.3d 159, 163 (N.Y. App. Div. 2019). "Specific jurisdiction, on the other hand, depends on an affiliation between the forum and the underlying controversy, principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Id*.

As two courts have previously held, Plaintiff cannot establish either form of jurisdiction here. Another round of pleading has not changed the result. As Judge Seibel explained in *Yih I*, "the problem here is not one that better pleading could cure." 2019 WL 2578306, at *9.

## A.     Plaintiff Does Not and Cannot Assert Credibly That TSMC Is Subject to General Jurisdiction in New York.

In his prior actions, Plaintiff argued that TSMC was subject to general jurisdiction in the United States—first in New York, then in California. Plaintiff has seemingly abandoned this position in the latest Complaint, and for good reason. For this Court to properly assert general jurisdiction, TSMC's contacts with New York must be "so 'continuous and systematic' as to render [it] essentially at home" here. *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014) (quoting *Goodyear Dunlop Tires Ops., S.A. v. Brown*, 564 U.S. 915, 919 (2011)). A corporation is usually "essentially at home" only where it is incorporated or has its principal place of business. *Id.* at 137–38. Neither such fact is or could be alleged in New York for TSMC. *See* Chao Dec. at ¶ 3.

Moreover, CPLR § 301 permits general jurisdiction only over "corporate defendants who are present in New York 'with a fair measure of permanence and continuity.'" *Brown v. Web.com Grp., Inc*., 57 F. Supp. 3d 345, 354 (S.D.N.Y. 2014) (quoting *Landoil Res. Corp. v. Alexander & Alexander Servs., Inc.*, 77 N.Y.2d 28, 34 (N.Y. 1990)). None of Plaintiff's allegations is sufficient to establish that TSMC is present in New York with the "fair measure of permanence and continuity" required for general jurisdiction under New York law. *Id.* (rejecting general jurisdiction where defendant's ties to New York were "in-state customers, emails

directed at those customers, attendance at local presentations and conferences, and five in-state employees," even though 7.5% of defendant's customers were in New York); *see also, e.g., Epstein v. Univ. of the S. Pac.*, No. 14-cv-6012, 2015 WL 4002344, at *3 (S.D.N.Y. June 19, 2015). Plaintiff offers nothing more than conclusory allegations that TSMC is doing business in New York. Even if credited, these allegations fall well short of showing that TSMC is subject to general jurisdiction in New York.

### B.     There Is No Basis Under New York Law for Asserting Specific Jurisdiction Over TSMC.

TSMC is also not subject to specific jurisdiction under New York's long-arm statute. *See* CPLR § 302(a). Asserting otherwise, Plaintiff alleges that his claims arise from either: (a) business that TSMC transacts within New York, *see* CPLR § 302(a)(1); (b) a tortious act TSMC committed outside New York that caused injury in New York, *see* CPLR § 302(a)(3); or (c) TSMC's ownership, use, or possession of real property within New York, *see* CPLR § 302(a)(4). But Plaintiff cannot establish any of these bases for jurisdiction.

To begin, Plaintiff's allegations are largely conclusory, and "conclusory allegations are not enough to establish personal jurisdiction." *Gmurzynska v. Hutton*, 257 F. Supp. 2d 621, 625 (S.D.N.Y. 2003); *see also, e.g.*, *Jazini v. Nissan Motor Co.*, 148 F.3d 181, 185 (2d Cir. 1998) (conclusory allegations of jurisdiction are insufficient for purposes of a prima facie showing of personal jurisdiction). Even setting this issue aside, however, Plaintiff still fails to assert any adequate basis for jurisdiction.

### 1.     Plaintiff's Claims Do Not Arise from Any New York Business Transactions, Precluding Jurisdiction Under CPLR § 302(a)(1).

To establish jurisdiction under CPLR § 302(a)(1), Plaintiff must show that TSMC "transact[ed] . . . business within [New York], and that the cause of action sued upon arose from that transaction." *Bill-Jay Mach. Tool Corp. v. Koster Indus., Inc.*, 816 N.Y.S.2d 115, 117 (N.Y.

-13-

App. Div. 2006) (citation omitted, alterations in original). In other words, § 302(a)(1) requires that TSMC "engaged in some purposeful activity within the State and [that] there [was] a substantial relationship between [that] activity and the plaintiff's cause of action." *Id.* (citations omitted). Accordingly, Plaintiff must establish both that (1) TSMC purposefully transacted business within New York, and (2) his claim arises out of that activity. He can do neither.

*First*, TSMC did not purposefully direct *any* activity to New York, much less any "transaction of business." "Purposeful activities are those with which a defendant, through volitional acts, avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Fischbarg v. Doucet*, 880 N.E.2d 22, 26 (N.Y. 2007) (citations omitted). But "[n]ot all purposeful activity . . . constitutes a 'transaction of business' within the meaning of [§] 302(a)(1)." *Id.* Instead, under § 302(a)(1), the "transaction of business" occurs only when a "non-domiciliary seeks out and initiates contact with New York, solicits business in New York, and establishes a continuing relationship." *Paterno v. Laser Spine Inst.*, 23 N.E.3d 988, 993 (N.Y. 2014). A "temporary, random, or tenuous relationship" with New York will not suffice. *Thompson v. Cornet Stores, Inc.*, 107 F.3d 4, 1997 WL 62950, at *1 (2d Cir. Feb. 12, 1997) (unpublished).

Notably, § 302(a)(1) jurisdiction cannot rest "solely on the basis of defendant's communication from another locale with a party in New York." *Fiedler v. First City Nat. Bank of Houston*, 807 F.2d 315, 318 (2d Cir. 1986) (quotation marks omitted). Instead, defendants must, at least, "project [themselves] into New York to participate in . . . *activities localized in the state*." *Bank Brussels*, 171 F.3d at 788 (emphasis added). And there "must be some transaction attributable to the [defendant] *which occurs in New York*." *Id.* at 787 (quotation marks omitted). Without such in-State activity, § 302(a)(1) is inapplicable.

-14-

Courts thus consistently decline to exercise specific jurisdiction under § 302(a)(1) over defendants whose only relevant acts are communications into New York. In *Paterno*, for example, the New York Court of Appeals found no personal jurisdiction over a Florida medical institute for a New York plaintiff's malpractice suit, even though the defendant and plaintiff communicated about the underlying surgeries extensively for months and the defendant advertised in New York. *See* 23 N.E.3d at 990–92. Because the surgeries occurred in Florida, Florida was the locus of the parties' interactions, with the communications meant to "assist plaintiff in deciding whether to arrange for … medical services in Florida." *Id.* at 994. The defendant thus did not "transact business" in New York under § 302(a)(1). *See id.* at 994–97; *see also, e.g.*, *Kimco Exch. Place Corp. v. Thomas Benz, Inc.*, 824 N.Y.S.2d 353, 354–55 (N.Y. App. Div. 2006) (Florida "defendants' acts of faxing [] executed contracts to New York and of making a few telephone calls do not qualify as purposeful acts" because such "contacts do not constitute purposeful availment of the New York forum, but rather were merely attempts to contact the plaintiff"); *Fiedler*, 807 F.2d at 318 ("two telephone calls and a mailing from Texas" inadequate to create jurisdiction).

A recent case in this District, *Beem v. Noble Group Ltd*, is instructive. In *Beem*, the New York-based founder of a recruiting firm sued Noble Group, a Bermuda-incorporated, Hong Kong-based company, for misrepresentation and breach of contract. 2015 WL 8781333, at *1. The plaintiff alleged that Noble Group solicited his services via email but hired the candidate he recommended through a different agency. *Id.* at *2. The only relevant activities in the case were email exchanges about a videoconference. *Id.* at *4. The Court explained that "even assuming that the Defendant knew that it was contracting with . . . a New York resident, such minimal contacts without more are insufficient to confer personal jurisdiction under New York's long-

-15-

arm statute." *Id.* (quoting *Skrodzki v. Marcello*, 810 F. Supp. 2d 501, 510 (E.D.N.Y. 2011)).

"[L]imited electronic or telephonic communication between an out-of-state defendant and a New

York plaintiff regarding services to be performed outside of New York, without more, will not

justify long-arm jurisdiction under § 302(a)(1)'s 'transacts business' clause." *Id.*

   These standards establish that § 302(a)(1) does not reach TSMC here. TSMC contracted

with a Singapore firm to fill a position in Taiwan. TSMC made clear to the recruiter that the

position was in Taiwan, and TSMC never mentioned New York or even the United States as

potential locations for candidates. The decision not to hire Yih—the decision to which he

objects—was made in Taiwan. There is no evidence (or allegation) that TSMC even knew where

Yih resided until they interviewed him. The only thing that TSMC did that related to New York

was to talk briefly by videoconference with someone who happened to be in New York.

   This is simply "communication from another locale with a party in New York" regarding

services to be performed outside of New York. *Fiedler*, 807 F.2d at 318. That does not support

jurisdiction under § 302(a)(1). Indeed, this case is materially indistinguishable from *Paterno*, in

which the Florida defendant communicated extensively with a New York plaintiff about surgical

procedures—with far more contact than the brief conversations at issue here—but still could not

be sued here for malpractice, because the procedures occurred in Florida. There is no way of

understanding TSMC's actions as "[p]urposeful[ly] . . . avail[ing] itself . . . of the privilege of

conducting activities within the forum State," and § 302(a)(1) is thus inapt. *Fischbarg*, 880

N.E.2d at 26 (citation omitted). Asserting jurisdiction here "would set a precedent for almost

limitless jurisdiction." *Paterno,* 23 N.E.3d at 995.

   *Second*, jurisdiction under § 302(a)(1) is also unavailable because Yih's claims do not

"arise from" TSMC's brief communications with him, as New York's long-arm statute requires.

A claim "aris[es] from" a particular transaction when there is a "*substantial* relationship . . .
between a defendant's transactions in New York and a plaintiff's cause of action." *Johnson v.*
*Ward*, 829 N.E.2d 1201, 1202 (N.Y. 2005) (emphasis added). No such relationship is present
here. Yih complains about a hiring decision made in Taiwan for a Taiwanese position. The video
calls between TSMC and Yih have only an attenuated connection to New York, when Yih could
have taken them from anywhere, and when TSMC did not ask for candidates in New York (or
even in the United States). Yih's claims cannot "arise" in New York on the basis of such a
"coincidental" connection. *See Johnson*, 829 N.E.2d at 1203.

      **2.**    **Plaintiff's New York Residence Cannot Support Jurisdiction Under**
                **CPLR § 302(a)(3).**

      CPLR § 302(a)(3) allows personal jurisdiction over a defendant who commits a "tortious
act" outside New York if the tortious act "caus[e] injury to person or property within the state"
and other conditions are satisfied. This provision cannot apply here for at least two reasons.

      First, under New York state law, "discrimination claims are not torts," and thus cannot
form the basis of jurisdiction under § 302(a)(3). *Weerahandi v. Am. Stat. Ass'n*, No. 14-cv-7688,
2015 WL 5821634, at *4 (S.D.N.Y. Sept. 30, 2015) (citing *Lane-Weber v. Plainedge Union Free*
*Sch. Dist.*, 213 A.D.2d 515, 516 (N.Y. App. Div. 1995); *Cooper v. Morin*, 50 A.D.2d 32, 36
(N.Y. App. Div. 1975)).

      Second, Plaintiff's "injury" did not occur in New York. "[A]n injury for the purposes of
§ 302(a)(3) does not occur within the state simply because the plaintiff is a resident." *Lipin v.*
*Bergquist*, 574 F. Supp. 2d 423, 432 (S.D.N.Y. 2008) (quoting *Mareno v. Rowe*, 910 F.2d 1043,
1046 (2d Cir. 1990)) (alterations omitted). Instead, the "situs of the injury is the location of the
original event which caused the injury, not the location where the resultant damages are
subsequently felt by the plaintiff." *Id*. Thus, "this requirement is not satisfied simply because the

injured plaintiff is a New York resident"—"jurisdiction 'must be based upon a more direct injury within the State than the indirect financial loss resulting from the fact that the injured person resides . . . there." *Doe v. Delaware State Police*, 939 F. Supp. 2d 313, 326 (S.D.N.Y. 2013) (quoting *Fantis Foods, Inc. v. Standard Importing Co., Inc.*, 49 N.Y.2d 317, 326–27 (1980)) (alteration omitted) (Karas, J.).

Under the facts as alleged here, then, Plaintiff's alleged injury occurred in Taiwan— where TSMC's decisions were made, and where Plaintiff would have worked had he been hired by TSMC—not in New York. *See Mareno*, 910 F.2d at 1046 (injury of unlawful discharge occurred at job's New Jersey location, notwithstanding plaintiff's New York residence). Section 302(a)(3) thus cannot provide personal jurisdiction over TSMC in this case.

### 3.    This Case Does Not Arise from Any New York Property, Precluding Jurisdiction Under CPLR § 302(a)(4).

Plaintiff's final asserted basis for jurisdiction, CPLR § 302(a)(4), allows for personal jurisdiction over a defendant who "owns, uses or possesses any real property situated within the state," but only if the "cause of action aris[es]" from that ownership, use, or possession of the property. There is no basis for jurisdiction over TSMC under this provision, as TSMC does not own, use, or possess property in New York. Plaintiff's allegation to the contrary is wholly conclusory and, again, "conclusory allegations are not enough to establish personal jurisdiction." *Gmurzynska*, 257 F. Supp. 2d at 625.

Moreover, Plaintiff does not and cannot link his claims to any real property owned, used, or possessed by TSMC in New York, as § 302(a)(4) requires. "Unless the parties have actually entered into a transaction that involves New York real property, that a defendant merely owns real property in New York is not sufficient to support the court's exercise of jurisdiction under CPLR 302(a)(4)." *Cerberus Cap. Mgt. v. Snelling & Snelling*, 12 Misc. 3d 1187(A), at *13 (N.Y.

-18-

Sup. Ct. 2005) (unpublished); *see also Hwang v. Grace Rd. Church*, 14-cv-7187, 2016 WL

1060247, at *4 n.6 (E.D.N.Y. Mar. 14, 2016). Section 302(a)(4) thus has no relevance.

### C.     The Due Process Clause Prohibits Specific Jurisdiction Over TSMC.

Even if New York law authorized specific jurisdiction here, the federal Due Process

Clause would prohibit it. "The Supreme Court has set out three conditions for the exercise of

specific jurisdiction over a nonresident defendant." *U.S. Bank Nat. Ass'n v. Bank of America*,

916 F.3d 143, 150 (2d Cir. 2019). "First, the defendant must have purposefully availed itself of

the privilege of conducting activities within the forum State or have purposefully directed its

conduct into the forum State." *Id.* "Second, the plaintiff's claim must arise out of or relate to the

defendant's forum conduct." *Id.* "Finally, the exercise of jurisdiction must be reasonable under

the circumstances." *Id.* The ultimate inquiry is whether personal jurisdiction comports with

"traditional notions of fair play and substantial justice." *Chloe v. Queen Bee of Beverly Hills*, 616

F.3d 158, 164–65 (2d Cir. 2010). Here, Yih cannot establish that TSMC "purposefully availed"

itself of a New York forum or that exercising jurisdiction would be "reasonable."

### 1.     TSMC Did Not Purposefully Avail Itself of the New York Forum.

To constitute purposeful availment, "the defendant's suit-related conduct must create a

substantial connection with the forum State—that is, the defendant *[it]self* must create those

contacts, and those contacts must be with the forum State itself, *not simply with persons who

reside there*." *U.S. Bank*, 916 F.3d at 150 (quotations omitted; alteration in original; second

emphasis added). This "requirement ensures that a defendant will not be haled into a jurisdiction

solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts, . . . or of the unilateral

activity of another party or a third person." *Burger King v. Rudzewicz*, 471 U.S. 462, 475 (1985).

Here, TSMC's contacts with New York are plainly "fortuitous" and "attenuated." *Id.*

TSMC's *only* suit-related connection to New York is that it spoke to Yih, who "simply" happens

-19-

to "reside there." *U.S. Bank*, 916 F.3d at 150. Yih's residence and location at the time of the call do not mean that TSMC made a purposeful connection "with the 'forum State itself.'" *Id.* TSMC did not seek out New York applicants. Nor did it know that Yih would be in New York during the interviews. Like cell phones, videoconferencing can be used anywhere—and it was thus entirely coincidental that Yih happened to be in New York. *See, e.g.*, *Thackurdeen v. Duke Univ.*, 130 F. Supp. 3d 792, 807–08 (S.D.N.Y. 2015) (holding that plaintiffs' location during phone call did not support jurisdiction because the call "was made irrespective of their location at the time of the call"), *aff'd*, 660 F. App'x 43 (2d Cir. 2016).

Moreover, the Second Circuit has explicitly stated that it "would offend . . . due process principles" to force a defendant to litigate a claim in a forum with which its only contact is a brief communication. *Fox v. Boucher*, 794 F.2d 34, 37 (2d Cir. 1986). "A temporary, random, or tenuous relationship with the forum through one telephone call is not the type of purposeful contact required" to "meet the due process requirement of minimum contacts." *Thompson*, 1997 WL 62950, at *1. Two calls are no different.

### 2. Subjecting TSMC to Suit in New York Would Be Unreasonable and Violate Traditional Notions of Fair Play and Substantial Justice.

Finally, even if Yih somehow satisfied both the New York long-arm statute and the Due Process Clause's purposeful-availment requirement, exercising jurisdiction over TSMC here would flout "traditional notions of fair play and substantial justice" and thus not be "reasonable under the circumstances." *U.S. Bank*, 916 F.3d at 149–50 (citations omitted). Factors bearing on whether personal jurisdiction is "reasonable" include: "(1) the burden on the defendant, (2) the interests of the forum state, (3) the plaintiff's interest in obtaining relief, (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (5) the shared interests of the several States in furthering fundamental substantive social policies." *Id.* at 150–

51 & n.5 (quotation marks omitted). Each factor militates against jurisdiction here.

The first factor, "the burden on the defendant," is the "primary concern" of the reasonableness analysis, and addresses both "the practical problems resulting from litigating in the forum" and "the more abstract matter of submitting to the coercive power of a State that may have little legitimate interest in the claims in question." *Bristol-Myers Squibb*, 137 S. Ct. at 1780. The "practical" and "abstract" burdens on TSMC are significant here. Distance alone will impose major burdens on TSMC, which is located on the other side of the globe. Plus, there are special concerns of "international comity" when asserting personal jurisdiction over a foreign defendant. *Daimler*, 571 U.S. at 141. "Considerations of international rapport" should "reinforce" the "determination that subjecting" TSMC to jurisdiction here is not in "accord with the fair play and substantial justice [that] due process demands." *Id*. at 142 (quotation marks omitted).

The remainder of the factors also favor TSMC. New York's interest in this dispute is non-existent, as the New York laws at issue do not even apply to TSMC, a Taiwanese company hiring for a position in Taiwan. *See infra*, Part III. Relatedly, Plaintiff's interest in obtaining relief in New York is minimal, because he should have expected that a dispute about foreign employment with a foreign company would likely have to take place in a foreign jurisdiction. *See, e.g.*, *Glenwood Sys., LLC v. Med-Pro Ideal Sols., Inc.*, No. 09-cv-956, 2010 WL 11527383, at *4 (D. Conn. May 4, 2010) ("Plaintiffs should have reasonably expected that some dispute related to its outsourcing would occur in India rather than another state within the United States."), *aff'd*, 438 F. App'x 27 (2d Cir. 2011). Efficiency considerations also heavily cut against jurisdiction. Almost every important witness, document, or piece of evidence in this dispute is in Taiwan or Singapore. Only Yih is in New York.

### D.       Plaintiff's Mistaken Beliefs Do Not Provide a Basis for Jurisdiction.

Plaintiff's mistaken alleged belief[4] that he would have worked in New York had he been hired does not create personal jurisdiction here. Courts routinely refuse to exercise personal jurisdiction based on plaintiffs' mistaken beliefs. *See Yih I*, 2019 WL 2578306, at \*7 ("Plaintiff's subjective belief cannot create jurisdiction."); *Yih II*, 815 F. App'x at 575 ("Yih's subjective belief about the locus of the job does not confer personal jurisdiction because it does not show that TSMC intended to employ him in New York."); *HDtracks.com, LLC v. 7digital Ltd.*, No. 18-cv-5823, 2020 WL 582462, at \*3 (S.D.N.Y. Feb. 6, 2020) (personal jurisdiction could not be based on plaintiff's incorrect "belie[f] it was negotiating with and dealing with [defendant] because the personal jurisdiction inquiry focuses on what *the defendant* did and *its* sufficient minimum contacts—not what the plaintiff believed or understood"); *Reed v. Gowanda Nursing Home*, 5 A.D.3d 987, 988 (N.Y. App. Div. 2004) ("mistaken belief that the defendant was a corporation authorized to do business in New York" would not support jurisdiction), *aff'd*, 4 N.Y.3d 770 (2005). Thus, Plaintiff's mistaken—and less than credible—alleged belief that he could work from New York cannot confer jurisdiction in the face of sworn statements and other evidence that establishes that the jobs were in Taiwan, as previously held by multiple courts.

### III.    Plaintiff Also Fails to State a Claim Under New York Law.

Even if personal jurisdiction could be present here, Plaintiff's claims should still be dismissed on multiple independent grounds.

---

[4] Plaintiff does not allege any basis for believing he "would have a regular work location at State Univ. of New York, Albany" or "would have used laboratory facilities at the State Univ. of New York, Albany." Compl. at ¶¶ 6, 13. He does not allege that TSMC or Lighthouse represented that any position was based at that location. Moreover, the specific location where Plaintiff now alleges he would have worked was not mentioned in, and contradicts, his previous complaints.

A.     **The NYSHRL Does Not Apply to TSMC.**

There is no private right of action under the NYSHRL for out-of-State acts committed by foreign corporations. N.Y. EXEC. LAW § 298–a(3); *see also Sherwood v. Olin Corp.*, 772 F. Supp. 1418, 1421–25 (S.D.N.Y. 1991); *Harte v. Woods Hole Oceanographic Inst.*, 495 F. App'x 171, 172 (2d Cir. 2012). "[I]n order to allege discrimination within New York, [Plaintiff] must allege more than [his] New York residence; [he] must allege that an unlawful discriminatory practice originated within New York state [or] . . . affected the terms, conditions, or privileges of [his] employment within New York, or that [defendant] retaliated against [him] because [he] complained about such discriminatory practices." *Sherwood*, 772 F. Supp. at 1425–26 (citations and quotation marks omitted). Plaintiff does none of this.

Moreover, courts have not allowed private retaliation claims under NYSHRL where the alleged discriminatory/retaliatory acts by the foreign corporations related to employment outside of New York. *Meyers v. Medco Health Sols., Inc.*, No. 09-cv-09216, 2012 WL 4747173, at *3, 5 (S.D.N.Y. Oct. 4, 2012). Here, again, Plaintiff had applied for employment in Taiwan. For these reasons, Plaintiff cannot state a claim under the NYSHRL.

B.     **Plaintiff's Claims Under the NYSHRL Are Time-Barred.**

Plaintiff's claims are also untimely. NYSHRL claims are governed by CPLR § 214's three-year statute of limitations. *See Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 238 (2d Cir. 2007). Plaintiff alleges the discrimination at issue occurred "on or about 10/03/2017," and he received a right-to-sue letter from the EEOC on February 5, 2018. Compl. at ¶ 15. This lawsuit was not filed until September 20, 2021, nearly four years after the alleged discrimination and well over three years after Plaintiff received a right to sue letter. His claims are thus too late.

Plaintiff's prior lawsuits did not toll the statute of limitations. New York has a savings statute that sometimes "allows a plaintiff to refile claims within six months of a timely prior

action's termination." *Norex Petroleum Ltd. v. Blavantik*, 16 N.E.3d 561, 563 (N.Y. 2014) (citing CPLR § 205(a)). But "the savings statute does not apply to claims that were dismissed for lack of personal jurisdiction." *Wang v. Palmisano*, 51 F. Supp. 3d 521, 532 (S.D.N.Y. 2014) (Karas, J.); *see* CPLR § 205(a) (no tolling when prior action dismissed for lack of personal jurisdiction). Because *Yih I*, *Yih II*, *Yih III*, and *Yih IV* all found no personal jurisdiction over TSMC, the savings statute is inapplicable here, and Plaintiff's NYSHRL claims are time-barred. Indeed, the Second Circuit's decision in *Yih II* was issued more than six months prior to the filing of the present Complaint, which would bar Plaintiff's claims even if the savings statute applied.

### C.     Plaintiff Fails to State a Claim Under the NYSHRL.

Plaintiff also fails to plausibly allege discrimination actionable under the NYSHRL. Plaintiff's complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). For discrimination claims, he "must allege facts that allow the court in substance to infer elements of a *prima facie* case." *Basak v. N.Y. State Dept. of Health*, 9 F. Supp. 3d 383, 390–91 (S.D.N.Y. 2014).[5] Plaintiff fails to do so.

As to age discrimination, Plaintiff's allegations are inadequate because he fails to allege that TSMC was aware of his age, that TSMC hired someone substantially younger to fill the position, or any other facts that would support an inference of age discrimination. *See Maysonet v. Citi Grp.*, *Inc.*, No. 10-cv-4616, 2011 WL 476610, at *5 (S.D.N.Y. Feb. 9, 2011) (dismissing age discrimination claim where plaintiff failed to allege replacement was significantly younger

---

[5] Plaintiff's claims are brought under the NYSHRL, but cases analyzing federal law are equally applicable here, because the relevant elements and standards of proof are the same under both regimes. *See, e.g., Holleman v. Art Crating Inc.*, No. 12-cv-2719, 2014 WL 4907732, at *22 (E.D.N.Y. Sept. 30, 2014) ("Discrimination claims brought under Title VII and the NYSHRL [are] 'analytically identical,' and 'the same standard of proof' applies to both statutes").

or other evidence of discrimination); *Bohnet v. Valley Stream Union Free Sch. Dist. 13,* 30 F.

Supp. 3d 174, 180–81 (E.D.N.Y. 2014) (same), *aff'd,* 594 F. App'x. 53 (2d Cir. 2015).

Plaintiff similarly fails to state any facts that would allow a fair inference of national

origin discrimination. National origin "refers to the country where a person was born, or, more

broadly, the country from which his or her ancestors came." *Espinoza v. Farah Mfg. Co.*, 414

U.S. 86, 88 (1973). Here, Plaintiff asserts that he was discriminated against not because of where

he was born or his Taiwanese ethnicity, but "because of concerns that his having stayed in

America for many years would hinder his relocation to Taiwan." Compl. at ¶ 57. That is not

national origin discrimination. *See Shah v. Wilco Sys., Inc.*, No. 99-cv-12054, 2001 WL

1006722, at *3 (S.D.N.Y. Aug. 31, 2001) (finding plaintiff's national origin to be Indian, and

dismissing her claims of discrimination as an American, where plaintiff was of Indian ancestry

and was born in India but had American citizenship), *aff'd,* 76 F. App'x 383 (2d Cir. 2003);

*Vicedomini v. Alitalia Airlines*, No. 83-cv-2431, 1983 WL 616, at *4 (S.D.N.Y. Nov. 14, 1983)

(dismissing claims of discrimination as an American, where plaintiff had Italian national origin).

As for Plaintiff's marital and family status discrimination claim, he alleges that TSMC

discriminated against him based on marital and family status "because of concerns that his

spouse and children having stayed in America for many years would have issues accompanying

him in Taiwan as a work location." Compl. at ¶ 58. But the NYSHRL prohibits discrimination in

these categories to protect people against discrimination because they have children, because

they are pregnant, or because they are married. N.Y. EXEC. LAW §§ 292(26), 296(1)(a). Plaintiff

does not allege that TSMC failed to hire him because he has children or because he is married.

## CONCLUSION

For the reasons stated above, this Court should dismiss the Complaint with prejudice.

Dated: December 10, 2021

Respectfully submitted,


/s/ Jessica Kastin_____
Jessica Kastin
Rajeev Muttreja
JONES DAY
250 Vesey Street
New York, New York 10281
Tel: 212.326.3939
Fax: 212.755.7306
jkastin@jonesday.com
rmuttreja@jonesday.com

*Attorneys for Defendant*
*Taiwan Semiconductor Manufacturing*
*Company, Ltd.*