UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JIHSHYR YIH, | Case 7:21-cv-08828-KMK |
| Plaintiff, | |
| - against - | Hon. Kenneth M. Karas |
| TAIWAN SEMICONDUCTOR MANUFACTURING COMPANY, LTD., | |
| Defendant. | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION TO REMAND THE CASE TO STATE COURT**

# INTRODUCTION

On 10/28/2021, Defendant Taiwan Semiconductor Manufacturing Company, Ltd. ("TSMC") removed the case from the Supreme Court of the State of New York, County of Westchester ("State court") to this Court.  But, Plaintiff already triggered the period of limitations to remove the case by serving the Summons and Complaint upon TSMC via mailing on 09/20/2021 pursuant to 28 U.S. Code § 1446(b)(1).  Consequently, the period of limitations, which is within 30 days after the service of summons and complaint upon the defendant pursuant to 28 U.S. Code § 1446(b)(1) plus 3 days of extension pursuant to Fed. R. Civ. Proc. 6(d) for the service was delivered by mail, has expired after 10/23/2021.  TSMC untimely removed the case from State court to this Court 5 days too late.  To cover up the untimeliness, TSMC and its counsel resorted to perjuries.

# BACKGROUND

On 09/20/2021 Plaintiff brought suit, Index No. 62821-2021, against TSMC in State court. *See* Dkt. 1-1 Ex. A.  On the same day Plaintiff caused the Service of Process upon TSMC by mailing to Ms. Sylvia Fang, TSMC, at TSMC headquarters by Registered First Class Mail with Return Receipt. *See* Dkt. 33 Proof of Service, Declaration of SheauHuey Suhng ("Suhng Decl.") ¶ 2.  The reception of the above mailing was acknowledged by TSMC counsel Ms. Jessica Kastin in declaration. *See* Dkt. 1-3 ("Kastin Decl.") ¶ 2.  In addition to the Summons and Complaint, TSMC also acknowledged the reception of a "Notice of Electronic Filing (Mandatory Case)(Uniform Rule § 202.5-bb)" in the mailing. Dkt. 27-1 Pages 12-13.  TSMC then removed the case from State court to this Court on 10/28/2021. *See* Dkt. 1 Notice of Removal.  On 11/16/2021, within 30 days after removal pursuant to 28 U.S. Code § 1447(c) and this Court's Rules of Practice, Plaintiff timely requested a pre-motion conference in advance of moving to remand the case back to State court.

# ARGUMENT

**I. The Action Was Commenced within Period of Limitations.**

Within 300 days of TSMC's unlawful employment discrimination and retaliation acts, Plaintiff sought federal and state administrative remedies, commenced an action within 30 days after receiving the right-to-sue letter from the federal agency, and changed courts each time within 30 days of grace

MEMO ISO MOTION TO REMAND THE CASE      - 2 -

period for essentially the same action.  Therefore, the action is not time-barred pursuant to CPLR § 214's three-year statute of limitations to commence an action. *See* Dkt. 17-1 Complaint ¶¶ 15, 16.

## II.  TSMC Untimely Removed the Case From State Court.

After Plaintiff caused simultaneous service of the Summons and Complaint upon TSMC on 09/20/2021 in his State court action by mailing, TSMC had 33 days, by 10/23/2021, to remove the case from State court to this Court.  The period of limitations of 33 days includes 30 days allowed pursuant to 28 U.S. Code § 1446(b)(1), which provides that "[t]he notice of removal of a civil action or proceeding shall be filed **within 30 days after the receipt by the defendant**, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, **or within 30 days after the service of summons upon the defendant** if such initial pleading has then been filed in court and is not required to be served on the defendant, **whichever period is shorter**," (emphasis added) and 3 extra days allowed because the service was done by mail pursuant to FRCP 6(d).  Therefore, based on the above shorter period of limitations triggered by the simultaneous service of the Summons and Complaint, TSMC was 5 days too late when filing the Notice of Removal (Dkt. 1) on 10/28/2021. *See also Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) ("We hold that a named defendant's time to remove is triggered by simultaneous service of the summons and complaint ...").  TSMC was sufficiently served the Summons and Complaint for this Court to determine TSMC's failure to timely remove the case from State court.

## III.  TSMC Was Sufficiently Served to Determine Timeliness of Removal.

Plaintiff provides showings below that TSMC was properly served the Summons and Complaint pursuant to law of both New York State and United States.

New York State law CPLR 312-A (2012) - *Personal service by mail. (a) Service.* provides that "[a]s an alternative to the methods of personal service authorized by section 307, 308, 310, 311 or 312 of this article, a summons and complaint, … may be served by the plaintiff or any other person by mailing to the person or **entity** to be served, by first class mail, postage prepaid, a copy of the summons and complaint, ..." (emphasis added).  The personal service by mail in this action was sent to Ms. Sylvia Fang, who is Vice President, Legal and General Counsel of TSMC, and is authorized to receive service of process. *See* Suhng Decl. ¶ 3.  Therefore, TSMC was properly served the Summons and Complaint pursuant to CPLR 312-a(a).

MEMO ISO MOTION TO REMAND THE CASE           - 3 -

Federal law FRCP Rule 4(f)(2)(C)(ii) permits serving an **individual** the summons and complaint in a foreign country "using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt[.]" But, TSMC is a corporation not an individual. To serve the process upon TSMC as a **corporation** whose headquarters is located in Hsinchu, Taiwan, which is not within any judicial district of the United States, FRCP Rule 4(h) permits "[s]erving a [c]orporation ... at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)." Finally, TSMC acknowledged that TSMC received the mailing on 09/30/2021. *See* Kastin Decl. ¶ 2. Therefore, TSMC was properly served the Summons and Complaint pursuant to FRCP Rule 4(f)(2)(C)(ii) and Rule 4(h).

To cover up TSMC's failures to answer in State Court and to timely remove the case to this Court, Ms. Kastin resorted to perjuries. *First*, Ms. Kastin contradicts herself by declaring the reception of the mailing for the *Personal service by mail*, and by declaring that "Plaintiff ... has not personally served TSMC in the state court action." *See* Kastin Decl. ¶¶ 2, 3. Under oath, Ms. Kastin has thus committed perjury pursuant to 18 U.S. Code § 1621 and § 1623 by willfully and knowingly giving false statement that materially undermines the basis of jurisdiction. *Second*, Ms. Kastin further declares that "Plaintiff also did not include a statement of service by mail or an acknowledgement of receipt of summons and complaint in his **September 30, 2021 mailing** of the Summons and Complaint to TSMC." Kastin Decl. ¶ 4 (emphasis added). Here, Ms. Kastin falsely stated the mailing date as 09/30/2021 instead of 09/20/2021, as the Service of Process was **complete upon mailing** on 09/20/2021 pursuant to FRCP 5(b)(2)(C). Hence, Ms. Kastin willfully and knowingly gave false declaration because she knew the mailing was on 09/20/2021 as she entered Dkt. 1-2 Exhibit B showing the 09/20/2021 mailing date. The declaration taken under oath is material because the false mailing date would delay the due date, 10/23/2021, to remove the case, to 11/02/2021, and consequently, would delay the due date to file a responsive pleading in this Court to 11/04/2021 pursuant to FRCP Rule 81 (c)(2)(C). TSMC was late for both of the above two due dates but would be timely according to the falsified mailing date. Therefore, Ms. Kastin perjured herself again pursuant to 18 U.S. Code § 1621 and § 1623. *Third*, as was shown earlier, whether a Statement of Service by Mail was served is moot because TSMC was sufficiently served with the Summons and Complaint for this Court to determine the timeliness of removal pursuant to 28 U.S. Code § 1446(b)(1). *Fourth*, instead of a Statement of Service by Mail, a "Notice of Electronic Filing (Mandatory Case)(Uniform Rule § 202.5-bb)" was included in the mailing, as State court had instructed in Plaintiff's e-filing. Dkt. 27-1

Pages 12-13.  The Notice of Electronic Filing instructs TSMC to "[g]ive this Notice to [its] attorney," who "must either 1) immediately record his or her representation within the e-filed matter on the NYSCEF site www.nycourts.gov/efile; or 2) file the Notice of Opt-Out form … [to be exempted] from mandatory e-filing, ..." pursuant to Uniform Civil Rules for the Supreme and County Courts § 202.5-bb(e). Id.  TSMC counsel certainly do not qualify to be exempted from e-filing because they use e-filing.  Therefore, delivering a Statement of Service by Mail to TSMC, so that TSMC may acknowledge reception by mail, is neither necessary because the acknowledgment is already automatically done by the prepaid Registered Mail with Return Receipt, nor applicable because TSMC is a corporation represented by an attorney, who must use e-filing but not mailing to respond to the Summons and Complaint.  *Fifth* and *last*, hence, Ms. Kastin committed perjury for a third time pursuant to 18 U.S. Code § 1621 and § 1623 by falsely declaring that "TSMC has not been served, as required by CPLR §§ 311 or 312-a., in the state court action that TSMC seeks to remove through this Notice of Removal." Kastin Decl. ¶ 5.  TSMC has lost its credibility in the case, and deserves to be sanctioned.

# CONCLUSION

For the foregoing reasons, Plaintiff requests this Court to remand the case back to the Supreme Court of the State of New York, County of Westchester.

Dated: February 7, 2022

Respectfully submitted,

/s/ *JihShyr Yih*
JihShyr Yih, Ph.D.
2474 Trelawn Street,
Yorktown Heights, NY 10598
914-440-3478
jyih@yahoo.com
Pro Se Plaintiff